UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID FRAZEE,

                Plaintiff,

                              CIVIL CASE NO. 06-14779

v.

                              HONORABLE PAUL V. GADOLA

MICHAEL J. ASTRUE,                 U.S. DISTRICT COURT
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____/

**ORDER ACCEPTING AND ADOPTING THE REPORT AND RECOMMENDATION**

Now before this Court are cross motions for summary judgment, the report and recommendation of Magistrate Judge Mona K. Majzoub, Plaintiff's objections to the report and recommendation, and Defendant's response to the objections. Magistrate Judge Majzoub recommended that Defendant's motion for summary judgment be granted and that Plaintiff's motion for summary judgment be denied. For the reasons stated below, the Court will overrule the objections and accept and adopt the report and recommendation as the order and opinion of the Court.

      **I. Background**

Plaintiff filed an application for disability benefits on October 31, 2002, alleging that due to an ankle injury and the resulting complications he was disabled and unable to work at any time after March 25, 2002. Benefits were denied upon initial determination on December 12, 2002. Following a hearing, the Administrative Law Judge assigned to the matter denied all benefits in a February 25, 2005 decision. The Appeals Council, reviewing the matter, concluded that Plaintiff had been disabled, but only during the time period between March 25, 2002 and July 7, 2003. The Council

found that Plaintiff was not entitled to benefits after July 7, 2003, because his impairment had improved to the degree that he no longer met the requirements of 20 C.F.R. 404, Subpt P, App. 1, Listing 1.06 (hereinafter "Listing"), and because he could perform a significant number of jobs in the national economy within in a limited range of sedentary work.

Plaintiff objects to the magistrate judge's report and recommendation, arguing that, contrary to the decisions below, Plaintiff satisfied the requirements of Listings 1.02 and 1.06 and that the Commissioner failed to present evidence that demonstrates that there were other jobs existing in the national economy which Plaintiff could perform, given his medical condition.

**II. Standard of Review**

The Court's standard of review for a magistrate judge's report and recommendation depends upon whether a party files objections. If a party does not object to the report and recommendation, the Court need not conduct a review by any standard. See *Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) (Gadola, J.). If a party does object to portions of the report and recommendation, the Court reviews those portions *de novo*. *Lardie*, 221 F. supp. 2d at 807. The Federal Rules of Civil Procedure dictate this standard of review in Rule 72(b), which states, in relevant part:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, or any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b). Here, because Plaintiff filed objections, this Court reviews *de novo* those portions to which an objection has been made. *See Lardie*, 221 F. Supp. 2d at 807.

*De novo* review in these circumstances requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *see also Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court may supplement the record by entertaining additional evidence, but is not required to do so. 12 Wright, Federal Practice § 3070.2. After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie*, 221 F. Supp. 2d at 807. If a Court accepts a report and recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a *de novo* review of the record and adopts the report and recommendation. *See id.*; 12 Wright, Federal Practice § 3010.2. Because Plaintiff has filed objections to the magistrate judge's report and recommendation, this Court will review those portions of the record *de novo*.[1]

**III. Analysis**

A final decision of the Commissioner may be appealed to a district court pursuant to 42 U.S.C. § 405(g). A final decision of the Commissioner must be affirmed by the District Court if

---

[1] The Court notes that the majority of Plaintiff's objections are not, in fact, objections to the report and recommendation. Rather, the "objections" are instead a verbatim copy of the arguments made in his motion for summary judgment. *Compare* Pl's Mot. Summ. Judg., pp. 3-14 [docket entry #8] *and* Pl's Objs, pp. 2-13 [docket entry #17]. Setting forth such general and already considered arguments are insufficient when filed as objections to a report and recommendation. Objections must raise specific points of contention and be directed to a portion of the report and recommendation. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). General objections render the work of the magistrate judge duplicative and such objections need not be considered under the *de novo* review standard. *See Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *Neuman v. Rivers*, 125 F.3d 315, 322 (6th Cir.1997). However, in the present case, in the interests of thoroughness, the Court has reviewed the record and the report and recommendation in the manner described below.

3

the Commissioner applied the correct legal standards and if the findings of fact are supported by substantial evidence. *Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 1995); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive..."). "Substantial evidence exists when a 'reasonable mind might accept' the relevant evidence as 'adequate to support a conclusion'" *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (quoting *Kirk v. Sec. of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981)). Moreover, "[i]f substantial evidence supports the Commissioner's decision, this Court will defer to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion." *Longworth*, 402 F.3d at 595 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997); *Her v. Commissioner*, 2003 F.3d 388, 389-90 (6th Cir. 1999)).

Considering the entire administrative record in this case, the Court finds that Plaintiff's objections should be overruled and the report and recommendation should be accepted. First, Plaintiff argues that the magistrate judge and the Appeals Council failed to give the statements of Dr. Burton, one of Plaintiff's treating physicians, the proper weight when considering Plaintiff's medical condition. However, a complete review of the record indicates that Dr. Burton made several findings that support a conclusion that Plaintiff showed significant improvement in his condition. On May 14, 2003, Dr. Burton noted that "Patient feels he is making good progress. He is not having nearly as much discomfort. . . . He is to increase his activities as he tolerates." TR. 174. Those comments followed Dr. Burton's April 9, 2003, conclusion that Plaintiff was released to work as of April 21, 2003, "WITH NO RESTRICTIONS." TR. 175 (typeface in original). Finally, on July 8, 2003, Dr. Burton noted that Plaintiff had indicated he "had been working quite hard, 12 hours a day,

4

doing a lot of physical labor. He did not have any . . . real pain. . . . no evidence of osteomyelitis is seen. . . . ." TR. 173. Accordingly, although Plaintiff points the Court to other statements made by Dr. Burton that seek to support his position that he continued to be disabled, that is an incomplete view of the evidence. A complete review of the record indicates that there is substantial evidence to support a conclusion that Plaintiff had made a significant improvement leading up to the July 8, 2003, benefits cut-off date. *See* 42 U.S.C. § 405(g); *Longworth*, 402 F.3d at 595 (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997).

Second, in order to satisfy the requirements of either Listing 1.02 or 1.06, Plaintiff was required to demonstrate that he was "unable to ambulate effectively, as defined in 1.00B2b. . ." *See* Listing 1.02A and 1.06B. Listing 1.00B2b provides that "Inability to ambulate effectively means an extreme limitation of the ability to walk. . . ." Listing 1.00B2b(2) lists as an example of ineffective ambulation, "the *inability* to walk a block at a reasonable pace on rough or uneven surfaces . . ." Listing 1.00B2b(2)(emphasis added). Although Plaintiff claims that Dr. Burton's conclusions support a finding that he was disabled under Listing 1.00B2b(2), Dr. Burton's statements do not satisfy the requirements of the listing. Dr. Burton indicated that Plaintiff's "impairment *interferes* with his ability to walk a block at a reasonable pace on uneven or rough surfaces." TR 329. The magistrate judge correctly concluded that *interfering* with an ability and an *inability* to complete the task are two different conclusions. Furthermore, the magistrate judge properly discounted Plaintiff's own testimony that he was unable to walk a block at a reasonable pace, based upon the ALJ's finding that Plaintiff's testimony was less than credible. *See e.g., Reed v. Sec. of HHS*, 804 F. Supp. 914, 918-19 n. 1-2 (E.D. Mich. 1992). Accordingly, based upon the substantial evidence supporting the conclusion that Plaintiff's condition was greatly improved, and

absent Plaintiff bearing his burden to demonstrate that he met either Listing 1.02 or 1.06, Plaintiff's objection will be overruled. *See* 42 U.S.C. § 405(g); *Longworth*, 402 F.3d at 595 (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997).

Finally, Plaintiff claims that the hypothetical questions asked of the vocational expert improperly assumed that Plaintiff did not need to lie down in relation to those jobs. Plaintiff argues that the vocational expert's answers, relying upon improper hypothetical questions that failed to comprehensively describe Plaintiff's physical limitations, are deficient and do not support a finding of nondisability.

The record indicates that on both February 14, 2003, and February 20, 2006, Dr. Burton indicated that Plaintiff needed a job at which he could lie down and recline "at his discretion." Plaintiff's counsel, when questioning the vocational expert, asked whether, if an individual needed to lie down for an "hour and a half" per work day, there would be any suitable positions available in the national economy. The expert indicated that such a requirement would preclude all employment. Therefore, Plaintiff argues, there are no suitable jobs available given a proper consideration of Plaintiff's medical condition. However, Plaintiff's argument and factual basis for his counsel's hypothetical question are not supported by the record. Dr. Burton indicated that Plaintiff needed a job at which he could lie down "at his discretion," a significant distinction from being required to lie down for one and one-half hours per shift. There is nothing in the record that indicates that Plaintiff's condition necessitated lying down for one and one-half hours per shift. Furthermore, Dr. Burton's own findings on this matter are contradictory. Dr. Burton indicated on April 9, 2003, that Plaintiff was released to work without restrictions. TR. 175. On July 8, 2003, Dr. Burton's notes indicate that Plaintiff "had been working quite hard, 12 hours a day, doing a lot

of physical labor." Moreover, on June 3, 2003, Dr. Welton noted that Plaintiff was performing a job which required him to be "up walking up at work." TR. 206. Examining the available evidence, the Appeals Council concluded that Plaintiff could perform "sedentary work permitting a sit/stand option and the ability to prop his feet 50% of the time." Tr. 12. The Vocational Expert testified that, given such restrictions, there were significant jobs in the national economy that Plaintiff could perform. Based upon this evidence, the Court finds that Plaintiff's reliance on the hypothetical question posed by his counsel is misplaced and his objection will be overruled.

Accordingly, after reviewing the report and recommendation, Plaintiff's objections, and the record presented to this Court, the Court concludes that the report and recommendation will be accepted and adopted. The Court can assign no meaningful error to the report and recommendation and finds that although there may be substantial evidence in the record that would support a different conclusion, *see Longworth*, 402 F.3d at 585 (internal citations omitted), there was substantial evidence, evidence that "'a reasonable mind might accept' . . . 'as adequate,'" *Warner*, 375 F.3d at 390 (internal citations omitted), to support the finding that Plaintiff was not entitled to benefits after the period closing July 7, 2003.

Accordingly, for the foregoing reasons, **IT IS HEREBY ORDERED** Plaintiff's objections [docket entry #17] to the magistrate judge's report and recommendation are overruled.

**IT IS FURTHER ORDERED** that the report and recommendation [docket entry #16] is **ACCEPTED AND ADOPTED** as the opinion and order of the Court.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment [docket entry #12] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment [docket entry #8] is **DENIED**.

**SO ORDERED.**

Dated:   March 13, 2008                             s/Paul V. Gadola
                                                    HONORABLE PAUL V. GADOLA
                                                    UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   March 13, 2008   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
          Janet L. Parker; Robert J. MacDonald; Commissioner of Social Security   , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                           .

                                                    s/Ruth A. Brissaud
                                                    Ruth A. Brissaud, Case Manager
                                                    (810) 341-7845